Kevin Garrison SB# 011860
Stephen J. Martin SB#033962
**GARRISON LAW FIRM**
7972 W. Thunderbird Road, Suite 107
Peoria, AZ 85381
Telephone: (623) 915-1100
Fax: (623) 435-8676
Attorneys for Plaintiff
kevin@garrisonlawfirm.com
steve@garrisonlawfirm.com

Raymond A Hanna SB# 014182
1570 Plaza West Drive
Prescott, AZ 86303
Telephone: (928) 388-5397
Email: rayhanna.law@gmail.com
Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CLEMENTINE THOMAS surviving daughter of VERONICA K. STEVENS, deceased; individually and on behalf of all other statutory beneficiaries<br><br>Plaintiffs,<br><br>-vs-<br><br>UNITED STATES OF AMERICA;<br>WHITE MOUNTAIN APACHE TRIBE;<br>WHITE MOUNTAIN APACHE TRIBE PATIENT TRANSPORTATION SERVICES;<br>DENNY PARKER and MAZIE PARKER<br><br>Defendants | NO:<br><br>**COMPLAINT AND DEMAND FOR BENCH TRIAL** |

Plaintiff for her Complaint against the Defendants alleges as follows:

1. Plaintiff Clementine Thomas is a resident of Navajo County, Arizona.

2. Plaintiff Clementine Thomas is the surviving daughter of Veronica K. Stevens, deceased. Veronica K. Stevens was 75 years old at the time of her death. Pursuant to Arizona Wrongful Death Statues ARS 12-612 Plaintiff Clementine Thomas is a proper person to maintain the

1

action for the death of her mother. Plaintiff Clementine Thomas brings this action for herself and on behalf of statutory beneficiaries Aaron Kaytoggy, Carmalinda Lavender, Mitzi Classay, Trevino DePaul Stevens, Cindy Kaytoggy and Lamonica Ann Taylor, the surviving children of Veronica K. Stevens. The claim herein is brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. Section 2671 et. seq. and 28 U.S.C. Section 1346 (b).

3.     Defendant United States of America is sued for personal injuries resulting in the death of Veronica K. Stevens, Plaintiff's decedent, caused by the negligent or wrongful acts or omissions of its employees. Those employees were acting within the scope of their office or employment under circumstances where the United States, if a private person, would be liable to Plaintiff in accordance with the laws of the State of Arizona. See 28 U.S.C. Section 1346 (b). Upon information and belief Defendant Denny Parker was in the course and scope of his employment and/or agency for Defendant United States at all times herein alleged, and was acting pursuant to a contract for transportation services between the United States and the White Mountain Apache Tribe such that Defendant United States is vicariously liable for the negligence of Defendant Denny Parker.

4.     Plaintiff has timely and fully complied with the provisions of 28 U.S.C. Section 2675 of the FTCA. Plaintiff has exhausted her claims by filing the required forms with the Defendant and having her claims denied.

5.     This court has jurisdiction over this claim against the United States for money damages pursuant to 28 U.S.C. Section 1346 (b) (1).

2

6. The acts or omissions giving rise to the claim occurred in the District of Arizona. Venue is therefore proper under 28 U.S.C. Section 1346 (b).

7. Defendant White Mountain Apache Tribe. The White Mountain Apache Tribe is organized under a constitution approved by the Secretary of Interior under the Indian Reorganization Act, 25 U.S. C. § 476. The Fort Apache Reservation was originally established as the White Mountain Reservation by an Executive Order signed by President Grant on November 9, 1871. By Act of Congress of June 7, 1897, 30 Stat. 64, The White Mountain Reservation was divided into the Fort Apache and San Carlos Reservations. The Tribe's Constitution ("Constitution") was approved by the Department of Interior on June 18, 1934. Upon information and belief Defendant Denny Parker was in the course and scope of his employment and/or agency for Defendant White Mountain Apache Tribe at all times herein alleged. Upon information and belief Defendant Denny Parker was acting pursuant to a transportation contract between the United States and the White Mountain Apache Tribe such that Defendant White Mountain Apache Tribe is vicariously liable for the negligence of Defendant Denny Parker.

8. Defendant White Mountain Patient Transportation Services is a division of the White Mountain Apache Tribe. White Mountain Patient Transportation Services is funded solely by the Annual Funding Agreement ("AFA") between the United States of America, Department of Health and Human Services, Indian Health Service. The AFA is incorporated into the Indian Self-Determination and Education Assistance Act, Public Law 93-638, a contract with the

3

Department of Health and Human Services. Public Law 93-638 is codified at USC Sections 450-450n. Pursuant to Section 314 of Public 101-512, for the purposes of civil liability, a contracting Indian tribe is deemed to be a party of the Bureau of Indian Affairs in carrying out the Public Law 93-638 contract. Upon information and belief Defendant Denny Parker was in the course and scope of his employment and/or agency for Defendant White Mountain Patient Transportation Services at all times herein alleged. Upon information and belief Defendant Denny Parker was acting pursuant to the transportation contract between the United States and the White Mountain Apache Tribe such that Defendant White Mountain Patient Transportation Services is vicariously liable for the negligence of Defendant Denny Parker.

9. At all times mentioned herein Defendant United States of America was acting by and through its officers, employees, agents, and contractors, who were acting within the course and scope of their employment, agency and authority, such that Defendant United States of America is bound by, and vicariously liable for, the conduct of its employees, officers, agents and contractors. United States of America is also directly liable for its own negligence, recklessness, and other tortious conduct in is hiring and supervision of the officers, employees, agents, and contractors whose conduct gives rise to this action.

10. At all times mentioned herein Defendant White Mountain Apache Tribe was acting by and through its officers, employees, agents, and contractors, who were acting within the course and scope of their employment, agency and authority, such that Defendant White Mountain Apache Tribe is bound by, and vicariously liable for, the conduct of its employees, officers,

agents and contractors. White Mountain Apache Tribe is also directly liable for its own negligence, recklessness, and other tortious conduct in is hiring and supervision of the officers, employees, agents, and contractors whose conduct gives rise to this action.

11.    At all times mentioned herein Defendant White Mountain Apache Tribe Patient Transportation Services was acting by and through its officers, employees, agents, and contractors, who were acting within the course and scope of their employment, agency and authority, such that Defendant White Mountain Apace Tribe Patient Transportation Services is bound by, and vicariously liable for, the conduct of its employees, officers, agents and contractors. White Mountain Apache Tribe Patient Transportation Services is also directly liable for its own negligence, recklessness, and other tortious conduct in is hiring and supervision of the officers, employees, agents, and contractors whose conduct gives rise to this action

12.    Defendants, Denny Parker and Mazie Parker are upon information and belief husband and wife and residents of Navajo County, Arizona. All acts of the Defendants Parker herein alleged were performed to benefit the Parker marital community. Upon information and belief at all times herein alleged Defendant Denny Parker was an employee, agent or contractor of Defendants United States of America, White Mountain Apache Tribe, White Mountain Apache Tribe Patient Transportation Services who was in the course and scope of his employment, agency, or fulfilling his contractual duties such that Defendants United States of America, White Mountain Apache Tribe, White Mountain Apache Tribe Patient Transportation Services

5

are vicariously liable for the negligence of their employee, agent or contractor Denny Parker.

13. All events took place within Navajo County Arizona and each Defendant has caused an event to occur in Navajo county out of which Plaintiff's claims arise.

14. On August 31, 2017, Defendant Denny Parker was transporting Plaintiffs Decedent Veronica K. Stevens a tribal member of the White Mountain Apache Tribe to dialysis in a van provided to Defendant Denny Parker by the White Mountain Apache Patient Transportation Services. Plaintiff's Decedent Veronica K. Stevens was a passenger in the van and was in a wheelchair. Defendant Denny Parker assisted and loaded Veronica Stevens into the van. Defendant Denny Parker was driving fast. Defendant Denny Parker drove the van in an unsafe manner. Defendant Denny Parker stopped abruptly causing Victoria Stevens to be thrown from her wheelchair onto the floor of the van, causing her to be injured, and ultimately die from such injuries.

15. As a driver of a vehicle on the roads of the State of Arizona, Defendant Denny Parker owed Plaintiff's decedent Veronica K. Stevens a duty to properly load and transport Veronica K. Stevens, to obey all traffic laws, to drive safely, to avoid stopping abruptly, and to avoid driving in a manner which would cause injury to Plaintiff's decedent Veronica K. Stevens.

16. Defendant Denny Parker breached his duty by failing to properly load and secure Veronica K. Stevens, failing to keep a proper lookout, failing to drive safely, and failing to avoid stopping abruptly and to avoid driving in a manner that would cause injury to Veronica K. Stevens. Defendant breached his duty causing Veronica K. Stevens to be thrown from her

6

wheelchair to the floor of the van, causing her injuries which resulted in the death of Veronica K. Stevens.

17. As a direct and proximate cause of the crash, Veronica K. Stevens was killed. Plaintiff Clementine Thomas and statutory beneficiaries Aaron Kaytoggy, Carmalinda Lavender, Mitzi Classay, Trevino DePaul Stevens, Cindy Kaytoggy and Lamonica Ann Taylor lost their mother.

18. As a direct and proximate cause of the negligence of the Defendants, Plaintiff Clementine Thomas and the other statutory beneficiaries have incurred funeral and burial expenses following the death of Veronica K. Stevens. The expenses incurred are a fixed amount and are liquidated. Plaintiff is entitled to prejudgment interest thereon.

19. As a direct and proximate cause of the negligent conduct of Defendants and each of them, Veronica K. Stevens was injured and died. Plaintiff Clementine Thomas and the surviving statutory beneficiaries have been deprived of the love, care, compassion and companionship of their Mother and have suffered other wrongful death damages recognized under Arizona law, having regard to any jury finding of aggravating circumstances attending the wrongful act, neglect or default of Defendants pursuant to A.R.S. § 12-613. Clementine Thomas requests such damages as would be fair and just with reference to the injury to Plaintiff and the statutory beneficiaries resulting from the wrongful death of Veronica K. Stevens, having regard to the aggravating circumstances attending the wrongful act, neglect or default involved.

WHEREFORE, Plaintiff prays for judgment of damages against Defendants and each of them as follows:

A. For the loss of love, affection, companionship, care, protection and guidance since the death of Veronica K. Stevens and in the future.

B. For the pain, grief, sorrow, anguish, stress, shock, and mental suffering already experienced and reasonably probable to be experienced in the future.

C. For the reasonable expenses of funeral and burial.

D. For Plaintiffs' costs and expenses in prosecuting this matter.

E. For such further relief, orders, and injunctions as the Court deems appropriate.

## **BENCH TRIAL IS REQUIRED**

Bench Trial is required pursuant to 28 U.S.C. Section 2402.

DATED this 22nd day of July, 2020.

By: /s/Kevin Garrison
Kevin Garrison
Attorney for Plaintiff

By: /s/Raymond A. Hanna
Raymond A. Hanna
Attorney for Plaintiff

8